UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT BRANTLEY, JR. ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3006** |
| **PACIFIC PIONEER SHIPPING ET AL.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the plaintiffs' motion to remand is **GRANTED**, and the case is **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana. (Document #5.)

### I. BACKGROUND

The plaintiffs[1] were members of a crew performing repair work on the M/V Pacific Pioneer, which was docked from March 19, 2008, to April 15, 2008, in the Mississippi River at Pointe Celeste, Davant, Louisiana, Parish of Plaquemines. The plaintiffs were hired by Ming Hau "Mike" Li, acting as agent for Around Pacific, Inc. (API), Hong Kong Ming War Shipping

---

[1] Robert Brantley, Jr., Chad Buras, Jr., Chad Buras, Sr., Waylon Buras, William Burrer, Joe Carroll, Dennis Fisher, Shawn Fisher, Jason Marcano, Carlo Muth, Jeremy Odom, George Peoples, Tommy Peoples, Jr., Tommy Peoples, Sr., Steward Phillips, Michael Scandurro, Pat Spellis, Kevin Squyres, and Terry Stewart.

Company Ltd. (Hong Kong Ming), and Pacific Pioneer Shipping, Liberia (Pacific), agreed to pay the plaintiffs wages and to reimburse them for materials, lodging, and equipment rental incurred as a result of performing the repair work. When plaintiffs were not paid the agreed-upon wages, they filed a petition for damages against Li, API, Hong Kong Ming, and Pacific in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.[2] The plaintiffs further allege that they were forced to work in confined, improperly-ventilated spaces in the presence of various unknown and dangerous chemicals, which included lead and/or benzene-based paint. They allege that, as a result, they have developed and continue to suffer from serious congestive heart and lung disabilities.

Pacific and Hong Kong Ming removed the case to federal court based on diversity jurisdiction on March 5, 2009.[3] The plaintiffs filed a motion to remand.

## II. DISCUSSION

The plaintiffs contend that removal is procedurally improper because API has been properly served and did not consent to the removal.[4]

Removal procedures are governed by 28 U.S.C. § 1446, which provides:

---

[2] The amount of wages for each plaintiff is found in paragraph ten of the petition.

[3] Li has not been served. Plaintiffs contend that he currently resides in Texas, and plaintiffs intend to serve him once the matter is remanded to state court. The defendants allege that Li is improperly joined.

[4] Plaintiffs further contend that Li is not diverse because he is a resident of Texas and, alternatively, that he is not improperly joined because, in addition to the contract claim, they have alleged a valid tort action against Li that is not pre-empted by the Louisiana Workers' Compensation Act. The court need not reach this issue.

2

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process pleadings, and orders served upon such defendant or defendants in such action.

"This statute has been interpreted to require that all then served properly joined defendants join in the removal petition. . . . Defendants (at least those not citizens of the forum state) who are unserved when the removal petition is filed need not join in." Getty Oil Corp. a Div. of Texaco, Inc. v. Ins. Co. of North America, 841 F.2d 1254, 1262 n.9 (5th Cir. 1988). The petition for removal shall be filed within thirty days after the defendant receives a copy of the initial pleading setting forth the claim. 28 U.S.C. § 1446(b). "In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)." Getty Oil Corp., 841 F.2d at 1262-63. "[A]ll served defendants must join in the petition no later than thirty days from the day on which the first defendant was served." Id. at 1263. "This rule . . . promotes unanimity among the defendants without placing undue hardships on subsequently served defendants." Id. "[T]here must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." Id. n.11. The defendant's failure to join in the removal petition within this thirty-day period could render removal improvident within the meaning of 28 U.S.C. § 1447(c)." Id. at n.12.

The defendants state in the notice of removal that all defendants have consented to

removal as follows: "All defendants to this proceeding have expressly consented to removal of this case to this court."  There is no written indication from the served defendants that each actually consented, that counsel was formally acting on their behalf, or that counsel was authorized to consent on behalf of API, which was properly served on February 11, 2009.  On April 28, 2009, API and Ming Hau Li expressly consented to the removal.  See document #13.  However, because all served defendants must join in the removal no later than thirty days after the date on which the first defendant was served, the consent is untimely.

Accordingly, the procedural requirements for removal have not been met, and the case is remanded to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.

New Orleans, Louisiana, this  21st  day of May, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

4